UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
**ROSS DANIEL WALKER**,
:
                     Plaintiff,
:  **MEMORANDUM AND ORDER**
        – against –
:  22-CV-2133 (AMD) (LB)
:
**BROOKDALE PLAZE UNIVERSITY
HOSPITAL AND MEDICAL CENTER** and
:
**BROOKDALE PLAZE, BROOKDALE
SECURITY COMPANY**,
:

                     Defendants.
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      On April 11, 2022, the *pro se* plaintiff filed this action, alleging that he was assaulted in the lobby of the Brookdale University Hospital Medical Center. (ECF No. 1.) The Court grants the plaintiff's application to proceed *in forma pauperis*. (ECF No. 2.) For the reasons that follow, the complaint is dismissed. The plaintiff is granted leave to amend the complaint within 30 days of this order.

## BACKGROUND

      The plaintiff alleges that on March 14, 2022, he "was admitted to the hospital because [his] health was poor." (ECF No. 1 at 5.) He was "attack[ed] in the lobby by a [guest] and security trying to get back [his] stolen property." (*Id*. at 6.) The plaintiff then "file[d] a police report," and "went to King's County Hospital for [his] finger and a dislocated shoulder after being physical[ly] assault[ed]." (*Id*.) He sues the defendants for lost wages, his "music and art," harassment, violations of the "Privacy Act" and "Quality Act," mental health discrimination and

medical malpractice. (*Id*. at 5.) He requests $1 billion in damages for harm to his reputation as a writer.[1] (*Id*.)

## STANDARD OF REVIEW

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks, alterations and citations omitted).

Because the plaintiff is proceeding *pro se*, I construe his complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, I must dismiss *sua sponte* an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If "a liberal reading of the complaint gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint.

---

[1] The plaintiff includes a copy of a contract dated September 9, 2021 (ECF No. 1 at 7-13), and receipts from the Brooklyn Public Library. (*Id*. at 15-16.)

2

*Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

In addition, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. The Federal Rules of Civil Procedure require the court to "dismiss the action" if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed."). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when the plaintiff and defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

## DISCUSSION

The plaintiff has not alleged that the citizenship of the parties is diverse for purposes of federal diversity jurisdiction under 28 U.S.C. § 1332. (*See* ECF No. 1 at 2-3 (alleging that all parties reside in New York)); *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 325 (2d Cir. 2001) (holding that the diversity statute "mandates complete diversity"). Nor does the plaintiff allege facts to show that his claims arise under the Court's federal question jurisdiction. Section 1331 gives federal courts "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331; *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) ("Under 28 U.S.C. § 1331, federal courts have original jurisdiction over cases 'arising under' federal law."). A case "arises under" federal law where federal law creates the plaintiff's cause of action, or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Id.* (internal

3

quotation marks and citation omitted). The plaintiff's vague and sparse allegations fail to raise a federal claim.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Because the plaintiff is proceeding *pro se,* I grant him leave to amend his complaint within 30 days of the date of this order. The plaintiff is advised that an amended complaint completely replaces the original complaint, so he must include in the amended complaint all the necessary information to support his claims. Any amended complaint must be captioned "Amended Complaint" and bear the same docket number as this order (22-CV-2133 (AMD) (LB)). No summons will issue at this time, and all further proceedings will be stayed for 30 days. If the plaintiff does not file an amended complaint within 30 days, judgment dismissing this action will be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to the plaintiff and to note mailing on the docket.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
April 20, 2022

4